IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN S. BERNETT AND
KIMBERLY A. BERNETT,

        Plaintiffs,

v.

REDEVELOPMENT AUTHORITY OF THE
COUNTY OF WASHINGTON AND
NORTH FRANKLIN TOWNSHIP,

        Defendants.

Civil No. 13-01409

**ELECTRONICALLY FILED**

## MEMORANDUM ORDER
## RE: DEFENDANT REDEVELOPMENT AUTHORITY OF THE COUNTY OF WASHINGTON'S MOTION TO DISMISS (DOC. NO. 7)

### I. Introduction

This case centers on the legality of the demolition of a property located in North Franklin Township, Pennsylvania. Plaintiffs have filed suit against two Defendants raising the following causes of action: (1) violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (2) "Wrongful Use of the Legal Process"; and (3) violation of the Fourth and Fourteenth Amendments to the United States Constitution "and Negligence." Doc. No. 1.

Presently before the Court is a Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Redevelopment Authority of the County of Washington (hereinafter the "RACW" or "Defendant"). The RACW contends that each count of Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and that each count, as well as Plaintiffs' claim for punitive damages, should be dismissed with prejudice. Defendant North Franklin Township has not filed a Motion to Dismiss. For the following reasons, Defendant's Motion to Dismiss will be GRANTED IN PART AND DENIED IN PART.

## II. Factual Background and Procedural History[1]

Plaintiffs John and Kimberly Bernett jointly own real estate property situated at 16 Mill Street, Washington, Pennsylvania. Doc. No. 1, ¶ 5. This property is located within North Franklin Township. Id. at ¶ 1. Plaintiff John Bernett is co-owner of a Tri-State Restoration Inc., located in the City of Washington, Pennsylvania. Id.

Plaintiffs began remodeling work on their property in September, 2007, and have spent over $42,000 on these efforts. Id. at ¶ 11; *see also* Id. at Exhibit D. On or about the morning of March 28, 2013, Mr. Bernett went to the property to continue remodeling work. Id. at ¶ 6. He discovered that the building had been leveled and the land graded. Id. Mr. Bernett inquired into what happened, and ultimately discovered that Defendant RACW demolished the property at the behest of Defendant North Franklin Township. Id. at ¶ 8.

The RACW gave Mr. Bernett several documents related to the procedure leading up to the demolition, including copies of letters the RACW attempted to send to Plaintiffs as early as June 13, 2012, in order to provide written notice. Id. at Exhibit B. However, Plaintiffs never received these letters prior to this point, nor any other form of written notice, and were never obstructed in any way from entering their property prior to its demolition. Id. at ¶¶ 16, 18. Plaintiffs were also not confronted by any governmental authority. Id. at ¶ 16. Mr. Bernett was not able to obtain any significant information from North Franklin Township regarding the demolition, as these actions were undertaken under the direction of its former Code Enforcement Officer. Id. at ¶ 12.

---

[1] When ruling on a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, and construe them in a light most favorable to the Plaintiffs. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2

Plaintiffs continuously provided electric service to the property since June 2012, and the structure was in sound condition, with the remodeling efforts being for cosmetic purposes. Id. at ¶ 28. No other owners of a building with a building permit that was undergoing remodeling was destroyed by the Township. Id. at ¶ 15. Other properties are in "far worse condition and abandoned," but were not demolished. Id.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third Circuit recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Ashcoft v. Iqbal 129 S.Ct. [at 1947.] Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; see also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## IV. Discussion

### A. Count I-Equal Protection Claim

Plaintiffs claim that Defendants violated their rights under the Equal Protection Clause of the Fourteenth Amendment because other properties were in worse repair or abandoned but were not demolished. Doc. No. 1, ¶ 15. Defendants addressed its Motion to Dismiss as if Plaintiffs had advanced a class of one theory. Because Plaintiffs, in their Complaint, have not alleged membership in any protected class, the Court will base its inquiry on the class of one theory.[2]

A "class of one" theory was first explicitly recognized by the United States Supreme Court in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). While a claim under the Equal Protection Clause usually involves the disparate treatment of a class of individuals, such a claim can be brought by a "class" of a single individual, "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564.

Neither the Supreme Court nor the United States Court of Appeals for the Third Circuit has addressed the requirements of this doctrine at length, especially in the context of municipal land use decisions. However, prior cases on this subject make it clear that it is a difficult standard, and should not be considered "a device to dilute the stringent requirements needed to

---

[2] The Court does not find that Plaintiffs "maintain that they are not setting forth a 'class of one' cause of action" in their Brief in Opposition to the Motion to Dismiss.

4

show a substantive due process violation." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 287 (3d Cir. 2004).

At this stage of the litigation, Plaintiffs have pled sufficient facts to survive a Motion to Dismiss this Count based upon the factual allegations set forth in the Complaint, especially paragraph 15. In essence, Plaintiffs have provided the Defendants with notice of the allegation that their property was demolished while other properties in worse repair were not. In other words, that they were treated differently than other similarly situated property owners. Plaintiffs have also specifically alleged that Defendant was aware that they were not properly served or notified before the demolition. Doc. No. 1, ¶ 50. Therefore, Defendant's Motion to Dismiss Count I will be DENIED. However, the Court stresses that Plaintiffs must supplement their factual allegations with evidence following the close of discovery.

### B. Count II-Wrongful Use of Legal Proceedings

Defendant moves this Court to dismiss Count II, with prejudice, because Plaintiffs have failed to allege that Defendant used a legal process against them for a purpose for which it was not designed. Doc. No. 7. Defendants cite that Plaintiffs must allege that Defendant: (1) used the legal process against Plaintiffs; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to Plaintiffs. *Cruz v. Princeton Ins. Co.*, 972 A.2d 14, 15 n. 1 (Pa. Super. Ct. 2009).

Plaintiffs have alleged that Defendants terminated utility service to the property without notice and then demolished the building, in part, because of the lack of utility service. In other words, termination of utility service was ultimately used to demolish the property. It is reasonable to conclude that discovery will reveal evidence of the specific legal process that Defendants allegedly undertook to accomplish these actions. As such, Defendant's Motion to

5

Dismiss Count II will be DENIED under the lenient Motion to Dismiss standard. Following the close of discovery, Plaintiffs must supplement these factual allegations to prove all elements of this cause of action to sustain this claim.

### *C. Count III-Violation of the Fourth and Fourteenth Amendment*

Defendant contends that Count III must be dismissed, with prejudice, because Plaintiffs' factual averments are "unintelligible" and "excessively vague" and fail to set forth the Defendant's alleged inadequate, insufficient, and/or inappropriate training, supervision, customs and/or practices that allegedly lead to the violation of their constitutional rights. Doc. No. 7. Defendant also contends that it may not be held liable through respondeat superior or vicarious liability.

Plaintiffs have alleged sufficient facts, at this point, to demonstrate that Defendant's alleged liability is not premised on respondeat superior or vicarious liability, but rather, its own insufficient training, customs, policies, etc. Specifically, Plaintiffs have set forth that: (1) Defendants failed to properly train their Code Enforcement Officers and employees; (2) allowed these Officers to violate their constitutional rights; and (3) knew the Officer did not properly serve Plaintiffs and did not contact Plaintiffs at their nearby place of business. Doc. No. 1, 9-10. At this juncture, these allegations are sufficient. Therefore, Defendant's Motion to Dismiss Count III will be DENIED.

### *D. Plaintiffs' Claim for Punitive Damages*

Lastly, Defendant moves this Court to dismiss Plaintiffs' claims for punitive damages because municipalities are immune from punitive damages under 42 U.S.C. § 1983. Doc. No. 7, 13-15 citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

As set forth in the United States Court of Appeals for the Third Circuit's Model Jury Instructions: "punitive damages are not available against municipalities." 4.8.3: Section 1983- Damages- Punitive Damages *citing City of Newport*, 453 U.S. at 271.

Therefore, Defendant's Motion to Dismiss Plaintiffs' Claims for Punitive Damages will be GRANTED.

V. **Order**

AND NOW, this 31st day of December, 2013, IT IS HEREBY ORDERED THAT:

1. Defendant Washington County Redevelopment Authority's Motion to Dismiss (Doc. No. 7) is **GRANTED IN PART AND DENIED IN PART**;

2. Defendant's Motion to Dismiss Counts I-III is **DENIED**; and

3. Defendant's Motion to Dismiss Plaintiffs' claim for punitive damages is **GRANTED.**

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc: All Registered ECF Counsel and Parties