IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN S. BERNETT, KIMBERLY A.
BERNETT,

      Plaintiffs,

v.

WASHINGTON COUNTY
REDEVELOPMENT AUTHORITY, NORTH
FRANKLIN TOWNSHIP,

      Defendants.

13cv1409
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 34)

### I.    Introduction

This case centers on the demolition of a property located in North Franklin Township, Pennsylvania. Doc. No. 1. John S. Bernett and his wife Kimberly ("Plaintiffs") have filed suit against the Washington County Redevelopment Authority ("RACW") and North Franklin Township alleging that their property was demolished without notice. Plaintiffs have advanced causes of action under Title 42 United States Code Section 1983 for violations of the Due Process and Equal Protection Clauses, Wrongful Use of Legal Process, unlawful seizure of property in violation of the Fourth Amendment, and negligence. ("Equal Protection Banning Plaintiffs From Use Of Their Property And To Be Secure In Their Property" (Count I); Wrongful Use of the Legal Process (Count II); and "42 U.S.C. § 1983 Fourth Amendment and Fourteenth Amendment and Negligence" (Count III). In December 2013, this Court granted Defendants' Motion to Dismiss as to Plaintiffs' claims for punitive damages. Doc. No. 14. Defendants' Motion to Dismiss Counts I-III was denied. Id.

Presently before the Court is Defendants' Motion for Summary Judgment, in which Defendants move this Court to enter judgment in their favor on all of Plaintiffs' claims. Doc. No. 34. Plaintiffs oppose this Motion in its entirety. Doc. Nos. 38 and 45. The matter has been fully briefed and is ready for disposition. Defendants' Motion for Summary Judgment (Doc. No. 34) will be granted in part and denied in part for the following reasons.

**II.    Statement of Facts**

The following material facts are undisputed by the Parties:

Plaintiffs owned real property located at 16 Mill Street in North Franklin Township (identified by Defendants as "16 Pine Street"), which was purchased in 2007. Doc. No. 36, ¶ 1, Doc. No. 42, ¶ 1. The property had been condemned by North Franklin Township. Id. at ¶¶ 2. Plaintiff John S. Bernett obtained a building permit from North Franklin Township. Id. at ¶¶ 3. Plaintiff, and several of his employees, worked on the property. Id. at ¶¶ 4. At a minimum, Plaintiff, and his employees, repaired the roof and installed temporary electric service. Id. at ¶¶ 6.

In March 2010, the front porch of the building collapsed. Id. at ¶¶ 7. North Franklin Township personnel were aware of the collapse and photographed the building. Id. Plaintiff John S. Bernett, and his employees, removed the porch debris and boarded up the front door and windows of the structure. Id. at ¶¶ 8. Plaintiffs own other properties and it is common for break-ins to occur on these property despite posted "No Trespassing Signs." Id. at ¶¶ 13. The building was spray painted at some point in 2012. Id. at ¶¶ 14.

North Franklin Township has a "Dangerous Structure Ordinance," which authorizes the condemnation and demolition of dilapidated and damaged structures or those otherwise unfit for human habitation. Id. at ¶¶ 19. In 2011 and 2012, North Franklin Township's Manager was working with the Township's Solicitor to compile a list of properties for demolishment pursuant

to the ordinance. Id. at ¶¶ 20. During this same time, North Franklin Township's Manager and Code Enforcement Officer Peter Grieb "drove by" the building to "look for signs of progress on the structure." Id. at ¶¶ 16. On February 22, 2012, the Township Manager sent a list of properties to be condemned/demolished to the Township Solicitor, which stated, in relevant part: "John Bernett 16 Mill Street. This property has been vacant for some time, but the owners claim they are renovating it for sale. Their business is TriState Restoration. I feel that due to lack of progress that [sic] it should be demolished." Id. at ¶¶ 21. In April 2012, the list of properties to be condemned/demolished was delivered to Code Enforcement Office Harold Ivery, Jr. Id. at ¶¶ 22. Officer Ivery confirmed the addresses of the listed property owners through the Washington County website. Id. at ¶¶ 23.

Plaintiffs contend that they did not receive any notice of condemnation. Id. at ¶¶ 29. A certified letter addressed to Plaintiffs at their residential address was returned to North Franklin Township ("Return to Sender. Unclaimed. Unable to Forward") by the United States Postal Service. Id. at ¶¶ 27.

Tamara Mayton, Community Development Specialist for the Redevelopment Authority of the County of Washington, will testify that she photographed the Plaintiffs' property in September 2012. Id. at ¶¶ 33. The Township is required to provide the RACW with a notarized certification confirming that the Township has gone through the proper procedure to condemn a property. Id. at ¶¶ 43. The RACW customarily relies on this certification. Id. at ¶¶ 44.

On or about January 9, 2013, North Franklin Township delivered a signed certification to RACW, which stated that the Township condemned Plaintiffs' property (among others) after taking appropriate steps to notify the property owners of their rights and available recourse to avoid demolition. Id. at ¶¶ 45. RACW was authorized to act as an agent for the Township in

3

contracting the demolition using community block funds. Id. RACW contracted for the demolition of structures on the list provided by North Franklin Township. Id. at ¶¶ 47. Plaintiffs' structure was demolished by a contracted contractor on or about March 28, 2013. Id. Plaintiffs will testify that there are structures in the Township that are in comparable or worse condition, but have not been condemned or demolished. Id. at ¶¶ 48. Plaintiffs did not reside in North Franklin Township and did not have a combative relationship with any of the representatives of the Township. Id. at ¶¶ 49.

### III. Standard of Review

The Court shall grant summary judgment if, drawing all inferences in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010); *Manolovich v. Park*, 461 Fed. Appx. 187, 190 (3d Cir. 2012).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Smith v. Borough of Dunmore*, 516 Fed. Appx. 194, 200 (3d Cir. 2013). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – i.e., depositions, documents, affidavits, stipulations, or other materials – or by showing that:

(1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)). *Estate of Beim v. Hirsch*, 121 Fed. Appx. 950, 953 (3d Cir. 2005).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Gallup v. Clarion Sintered Metals, Inc.*, 489 Fed. Appx. 553, 555 (3d Cir. 2012); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007).

### IV. Discussion

Defendants move this Court to enter judgment against Plaintiffs on all of their claims. Doc. No. 34. Defendants contend that:

(1) Plaintiffs' Equal Protection claim does not demonstrate a lack of rational basis or conduct that "shocks the conscience (Count I);

(2) Plaintiffs have failed to advance any evidence to support a claim for wrongful use of legal process (Count II);

(3) Plaintiffs were not deprived of use of their property in violation of the Fourth Amendment because they were properly notified on the property's condemnation (Count III);

(4) Defendants' actions were reasonable and do not support a claim for unreasonable seizure in violation of the Fourth Amendment (Count III);

(5) Defendants are immune from state negligence claims (Count III); and

(6) all claims against Defendant RACW must be dismissed because the Authority was not involved in the decision to condemn the Plaintiffs' property.

Doc. No. 35.

*A. Counts I and III*

The record in this case is far from settled; there are multiple disputes as to material facts and witnesses' credibility as to Counts I and III. Facts in dispute include whether improvements were made to the property and whether notice of condemnation was mailed to Plaintiffs. Although Defendants contend that their actions were reasonable, rational, and do not shock the conscience, Plaintiffs have adduced evidence that may lead a reasonable jury to conclude otherwise. The Court cannot find, as requested by Defendants, that Plaintiffs were "properly notified" of the property's condemnation. A reasonable jury could conclude, based on the evidence advanced, that Plaintiffs did not receive notice of their property's condemnation, a condemnation notice was never posted on the property, and the Defendants demolished the

property without notice and without cause. The jury could also conclude that such treatment was different than other condemnation proceedings. These conclusions would be sufficient to allow a jury to find for Plaintiffs on Counts I and III.

> B. *Count II: Wrongful Use of Legal Process*

Plaintiffs have also advanced a claim for unlawful use of the legal process. As cited by the Court in its Memorandum Opinion on Defendants' Motion to Dismiss, Plaintiffs must allege that Defendants: (1) used the legal process against Plaintiffs; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to Plaintiffs. *Cruz v. Princeton Ins. Co.*, 972 A.2d 14, 15 n. 1 (Pa. Super. Ct. 2009). In denying the Motion to Dismiss, the Court noted that "it is reasonable to conclude that discovery will reveal evidence of the specific legal process that Defendants allegedly undertook to accomplish these actions." Doc. No. 14, 5.

Plaintiffs have not advanced sufficient to proceed to trial on Count II. Although Plaintiffs contend that the condemnation process was used against them to cause harm, the gravamen of Plaintiffs' Complaint is that their house was destroyed without notice, which is required under the condemnation process. In other words, they allege that Defendants did not follow the proper legal procedures, which would have afforded them notice and prevented their injuries. Plaintiffs allege that a legal process *was not used*, rather than an allegation that a legal process was wrongfully used to cause harm. See Doc. No. 44-14 ("Plaintiffs maintain that a legal process exists for the taking, condemnation, and demolition of a citizen's property all of which was not followed by RACW or NFT."). There is also no support for the requirement that the condemnation process was used to accomplish a purpose for which it was not designed.

7

Therefore, a reasonable jury could not find for them on Count II and judgment will be entered in favor of Defendants on this count.

*C. Involvement of Defendant RACW (as to Counts I, II, and III)*

Defendants move this Court to dismiss all claims as to Defendant RACW because RACW "was not involved in the decisions made by North Franklin Township to condemn and demolish Plaintiffs' building." Doc. No. 35, 14. Defendants contend that RACW's sole involvement in this matter was handling the grant money and contracting with the demolition contractor. Although RACW's alleged actions might be less than those of Township officials, Plaintiffs had advanced sufficient evidence to demonstrate that their property would not have been demolished without RACW's involvement. Specifically, a reasonable jury could find that it was unreasonable for the RACW to solely rely on the Township's certification that appropriate steps had been taken to notify Plaintiffs of their rights to object to condemnation or repair the property in order to avoid demolition and that an investigation into the representations in the certification are necessary, not "redundant" as claimed by Defendants. A fact-finder must make credibility judgments related to the involvement of the RACW through Community Development Specialist Tamara Mayton, who will testify that she photographed the property in September 2012 for documenting the file with regard to structures that were scheduled to be demolished pursuant to the Township's demolition request. See Doc. Nos. 36, 42, ¶¶ 33-25. This evidence of RACW's involvement in the condemnation process is sufficient for Counts I and III to proceed against it.

*D. Immunity from State Negligence Claims (Count III)*

In Count III, Plaintiffs allege both that Defendants were negligent and that their actions violated the Fourth and Fourteenth Amendment of the United States Constitution. As previously

Therefore, a reasonable jury could not find for them on Count II and judgment will be entered in favor of Defendants on this count.

*C. Involvement of Defendant RACW (as to Counts I, II, and III)*

Defendants move this Court to dismiss all claims as to Defendant RACW because RACW "was not involved in the decisions made by North Franklin Township to condemn and demolish Plaintiffs' building." Doc. No. 35, 14. Defendants contend that RACW's sole involvement in this matter was handling the grant money and contracting with the demolition contractor. Although RACW's alleged actions might be less than those of Township officials, Plaintiffs had advanced sufficient evidence to demonstrate that their property would not have been demolished without RACW's involvement. Specifically, a reasonable jury could find that it was unreasonable for the RACW to solely rely on the Township's certification that appropriate steps had been taken to notify Plaintiffs of their rights to object to condemnation or repair the property in order to avoid demolition and that an investigation into the representations in the certification are necessary, not "redundant" as claimed by Defendants. A fact-finder must make credibility judgments related to the involvement of the RACW through Community Development Specialist Tamara Mayton, who will testify that she photographed the property in September 2012 for documenting the file with regard to structures that were scheduled to be demolished pursuant to the Township's demolition request. See Doc. Nos. 36, 42, ¶¶ 33-25. This evidence of RACW's involvement in the condemnation process is sufficient for Counts I and III to proceed against it.

*D. Immunity from State Negligence Claims (Count III)*

In Count III, Plaintiffs allege both that Defendants were negligent and that their actions violated the Fourth and Fourteenth Amendment of the United States Constitution. As previously

noted, Plaintiffs have advanced sufficient evidence to proceed to trial on their claims for violation of their constitutional rights. Defendants contend that they are immune from state law negligence claims under the Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S.A. § 8541 *et seq*. and the Sovereign Immunity Act, 42 Pa.C.S.A.§ 8521 *et seq*. Doc. No. 35, 13-14. The PSTCA provides that a local agency, in this case Defendant North Franklin Township, cannot be held liable for injury caused to person of property because of any act of the local agency or an agency employee. 42 Pa.C.S.A. § 8541. Exceptions to this general provision are enumerated in the following section. The Sovereign Immunity Act provides that state agency, such as Defendant RACW, may only be held liable for specific exceptions to tort immunity. See 42 Pa.C.S.A. § 8522(b).

In their brief in opposition to the present motion, Plaintiffs argue that "[g]overnmental officials can be sued individually for claims which constitute a crime, fraud, malice, or willful misconduct. Neither the defense of official immunity nor the damage limitations apply in such cases or in federal civil rights cases." Doc. No. 44-14 *citing Brandon v. Holt*, 460 U.S. 464, 105 S.Ct. 873, 83 L.Ed. 2d 878 (1985). Plaintiffs, in Count III, detail actions which they allege "amount[] to negligence." (*e.g.* "did not do so amount to negligence"; "was clearly negligent"). Doc. No. 1. Plaintiffs then set forth the Defendants' acts are beyond ordinary negligence "in that they knew that the Code Officer did not have proper service on plaintiffs, never went to the place of business which is less than five (5) minutes away and just looked the other way not coming to terms with this reality but allowing them to go out and suffer such damages on citizens under color of Municipal law." Doc. No. 1, ¶ 50. However, as conceded by Plaintiffs, the cornerstone of this claim is not that actions were purposeful, but rather, that "actions were arbitrary and/or irrational and led to Plaintiffs' deprivations and injuries." Doc. No. 45, 5. The Court finds that

9

record does not contain sufficient evidence to support allegations of willful misconduct to move the state court claim contained in Count III to one beyond negligence.

Therefore, Defendants' Motion for Summary Judgment will be granted in this respect. Plaintiffs' federal claims contained in Count III will be proceed to trial.

   *E. Assessment of Damages*

Defendants also move this Court to rule, as a matter of law, that any damages awarded to Plaintiffs cannot exceed the diminution of the fair market value of their property. Doc. No. 35, 1. The Court will not address this argument in the context of a Motion for Summary Judgment. Defendants may re-raise this issue in a Motion in Limine, which are due on or before September 10, 2014. See Doc. No. 22.

## V. Order

AND NOW, this 8th day of August, 2014, IT IS HEREBY ORDERED THAT Defendants' Motion for Summary Judgment (Doc. No. 34) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Defendants' Motion for Summary Judgment is **DENIED** as to Counts I and III of Plaintiffs' Complaint, which allege violations of Plaintiffs' constitutional rights;

(2) Defendants' Motion for Summary Judgment is **GRANTED** as to Count II of Plaintiffs' Complaint-unlawful use of legal process and the state law negligence claim contained in Count III;

(3) Judgment is entered in favor of Defendants as to Count II-unlawful use of legal process and the state law negligence claim contained within Count III; and

(4) The case will proceed to trial on October 27, 2014, as set forth in this Court's Pretrial Order. See Doc. No. 22.

                                              s/ Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

cc: All Registered ECF Counsel and Parties